12976



## Natural Gas Sales Agreement

This Natural Gas Sales Agreement (this "Agreement") is made this 9th day of March, 2020 by and between BlueMark Energy, L.L.C. ("BlueMark") and City of Alma ("Customer") for the sale of natural gas.

### General Terms and Conditions

**1.**     **Agreement to Sell and Purchase Energy.** Subject to the terms and conditions of this Agreement, BlueMark agrees to sell and deliver, and Customer agrees to purchase and accept the quantity of natural gas, as estimated by Customer, necessary to meet Customer's requirements based upon consumption data obtained by BlueMark. The amount of natural gas delivered under this Agreement is set forth on the applicable Exhibit "A" attached hereto under the header "Monthly Volumes".

**2.**     **Term.** This Agreement may be terminated on thirty (30) day's written notice, but shall remain in effect until the expiration of the latest Term of any transactions effectuated hereunder.

**3.**     **Quality, Measurement & Heating Value.** All natural gas delivered hereunder shall be of pipeline quality. Measurement of the volume and the heating value of the natural gas purchased hereunder shall be made at the Delivery Point set forth in the Exhibit "A" in accordance with the delivering pipeline's procedures.

**4.**     **Transportation.** BlueMark shall arrange for transportation to the Delivery Point and Customer shall arrange for subsequent transportation from the Delivery Point.

**5.**     **Imbalances.** BlueMark will use best efforts based on volume information provided by Customer, the applicable local distribution company (LDC) and or transporting pipeline throughout the month to minimize any volume imbalance. Customer is responsible for any imbalance charges and/or cash-out penalties unless such charges and/or penalties resulted from BlueMark's failure to utilize volume information timely provided by Customer, the applicable LDC and/or transporting pipeline. Customer, at the end of this Agreement and/or any Exhibit "A" attached hereto and if this Agreement and/or such Exhibit "A" are not renewed, shall pay BlueMark for all gas delivered to Customer's LDC account or transporting pipeline, whether or not consumed.

**6.**     **Delivery and Price.** BlueMark agrees to sell and deliver, and Customer agrees to purchase and receive, the applicable Monthly Volumes during the term hereof at the Delivery Point and at the Base Contract Price all as set forth on the Exhibit "A" and in accordance with the terms of this Agreement. Customer will use commercially reasonable efforts to purchase gas and receive gas on a ratable daily basis in quantities that are close to the Daily Volume (the Monthly Volume divided by the number of days in the month) as reasonably practicable. Customer shall communicate to BlueMark changes in the volumes of gas it will receive and take delivery of that differ from the Daily Volume and the Monthly Volume set forth in the applicable Exhibit "A" or confirmation , at least six (6) business days prior to the beginning of each month in which the volumes will differ in order for BlueMark to attempt to acquire or reduce , on Customer's behalf, the necessary transportation capacity and gas supply, and to make the appropriate nomination changes with any applicable transporter in a timely manner. To the extent that Customer's requirements exceed the applicable Monthly Volume or the Daily Volume, those requirements shall be supplied at Cost, as defined below, plus the Swing Adder, as set forth on the Exhibit "A". To the extent that Customer's requirements are below the applicable Monthly Volume or the Daily Volume, then Customer will be invoiced for the applicable Monthly Volume at the Contract Price, and credited for the difference between the applicable Monthly Volume and volumes not used at Cost. "Cost" includes, but is not limited to, the amounts paid by BlueMark for the additional gas or in the case of a credit back to the Customer, as paid to BlueMark for the surplus gas, plus associated transportation and fuel charges. Notwithstanding anything hereinabove to the contrary, during the term of any period of daily balancing, operational flow order or other like circumstance declared by any transporter for any transaction, BlueMark will use commercially reasonable efforts to secure additional volumes or sell excess volumes of gas requested by transporter on behalf of Customer, and all such additional or excess volumes purchased or sold in excess or short of the Daily Volume, will be billed or credited to Customer as the first volumes through the meter that day at Cost plus the Swing Adder or, in the case of a sell back, at Cost.

**7.**     **Price Conversion:** Customer has the right at any time during the Term of an Exhibit "A" to convert the Contract Price to a fixed price for all or a portion of the Monthly Volumes set forth on the applicable Exhibit "A" based upon mutually agreeable, executable market pricing. BlueMark will provide a separate Trigger Confirmation of any such price conversion. All such converted Monthly Volumes will be billed to Customer as the first quantities through the meter for the months in which those volumes are delivered. Customer shall be responsible for any and all amounts and charges related to the liquidation and settlement of all fixed and/or basis priced volumes affected by the occurrence of any volumetric changes and/or the termination of this Agreement or any Exhibit "A" attached hereto.

<span style="color:red">Exhibit A</span>

8.  **Billing and Payment.** BlueMark will invoice Customer monthly for natural gas delivered under this Agreement during the previous month and for any other applicable charges. If the actual volume of gas delivered is not known by the invoice date, the invoice will be prepared based upon the volume of gas nominated. The invoiced volume will be adjusted to the actual volume on the following month's invoice or as soon thereafter as actual delivery information is available. Customer will pay the total sum due as shown by each invoice, including sales, use, franchise and excise taxes and all other governmental impositions relative to the sale or consumption of natural gas within ten (10) days of the invoice date or be subject to a late payment charge of one and one-half percent (1.5%) per month. In the event it becomes necessary to commence litigation to recover the amount owed under this Agreement, the prevailing party shall be entitled to recover all attorney fees and related costs.

9.  **Adequate Assurance.** Customer shall provide adequate assurance satisfactory to and as requested by BlueMark within three (3) business days of such request. Such adequate assurance may include providing a deposit, prepayments, letter of credit or other security as requested by BlueMark. BlueMark reserves the right to request adequate assurance or updates or revisions thereto at any time before or during the term of this Agreement.

10. **Default.** If there is a material adverse change in the business or financial condition of Customer (as determined by BlueMark at its discretion) or if Customer fails to meet its obligations under this Agreement, make payment or provide any requested adequate assurance by the due date, then, in addition to any other remedies that it may have, BlueMark may, upon five (5) days' written notice to Customer, withhold or suspend deliveries and/or terminate and liquidate the transactions under this Agreement in a commercially reasonable manner and assess and apply all such damages to the Customer. If Customer terminates this Agreement prior to the end of the Initial Term or subsequent renewal term or if BlueMark terminates this Agreement due to Customer's default or breach, the Customer may be required to pay BlueMark, in BlueMark's sole discretion, in addition to any other applicable charges and/or liquidated damages, a cancellation fee equivalent to the multiplication of the Adder set forth in the applicable Exhibit "A"(s) and the Monthly Volumes for the remainder of the Initial Term or Renewal Term, as applicable.

11. **Title.** Customer and BlueMark agree that title to, control of, and risk of loss to the natural gas supplied by BlueMark under this Agreement will transfer from BlueMark to Customer at the Delivery Point. Customer shall have responsibility for the natural gas supplied hereunder at and after the Delivery Point. Each party hereunder indemnifies and holds harmless the other from all damage, loss, cost or expense for which the other is held responsible arising from the indemnifying party's own act or conduct. BlueMark warrants title to the gas delivered hereunder is free and clear of all liens and encumbrances.

12. **Assignment.** This Agreement shall extend to and be binding upon the successors, assigns, heirs, personal representatives and representatives in bankruptcy of the parties hereto. No sale, assignment, mortgage, change in ownership or any other transfer of title to an interest of either party (all herein referred to as "Assignment") shall be binding upon the other party until the first day of the calendar month next following the date upon which such other party shall have been furnished written notice and with certified copies of such instruments properly evidencing such Assignment. Any such Assignment shall be subject at the outset to the adequate assurance requirements first written herein as Paragraph 9.

13. **Warranty.** This Agreement, including the General terms and Conditions, all Exhibit "A"s attached hereto and any other applicable attachments, as written makes up the entire Agreement between Customer and BlueMark. BlueMark makes no representations or warranties other than those expressly set forth in this Agreement, and BlueMark expressly disclaims all other warranties, express or implied, including merchantability and fitness for a particular use.

14. **Force Majeure.** BlueMark will make commercially reasonable efforts to provide natural gas hereunder but BlueMark does not guarantee a continuous supply of natural gas to Customer. Certain causes and events out of the control of BlueMark and/or Customer ("Force Majeure Events") may result in interruptions in performance by either such party of its obligations under this Agreement. Neither BlueMark nor Customer will be liable for any interruptions caused by a Force Majeure Event, and neither party shall be liable for damages caused by Force Majeure Events. Force Majeure Events shall include acts of God, fire, flood, storm, terrorism, war, civil disturbance, acts of any governmental authority, accidents, strikes, labor disputes or problems, required maintenance work, inability to access the local distribution utility system, non-performance by the LDC (including, but not limited to, a facility outage on its gas distribution lines or electric facilities), changes in laws, rules, or regulations of any governmental authority or any other cause beyond BlueMark's and/or the Customer's control as applicable. Notwithstanding anything to the contrary in this Agreement, Force Majeure Events shall not excuse either party from the liquidation and settlement of any fixed price related volumes.

15. **Liability.** The remedy in any claim or suit by Customer against BlueMark will be solely limited to direct actual damages. All other remedies at law or in equity are hereby waived. IN NO EVENT WILL EITHER BLUEMARK OR CUSTOMER BE LIABLE FOR CONSEQUENTIAL, INCIDENTAL, INDIRECT, SPECIAL OR PUNITIVE DAMAGES. These limitations apply without regard to the cause of any liability or damages. There are no third-party beneficiaries to this Agreement.

16. **Choice of Law.** Venue for any lawsuit brought to enforce any term or condition of this Agreement or to construe the terms hereof shall lie exclusively in Tulsa County, Oklahoma, whether in federal or state court. This Agreement shall be construed under and shall be governed by the laws of the State of Oklahoma without regard to the application of its conflicts of law principles.

Exhibit A

17.     **Taxes.** Except as otherwise provided in the Agreement or provided by law, all taxes of whatsoever kind, nature and description due and payable with respect to service provided under this Agreement, other than taxes based on BlueMark's net income, shall be paid by Customer, and Customer agrees to indemnify BlueMark and hold BlueMark harmless from and against any and all such taxes.

18.     **Regulatory Changes.** This Agreement, including all Exhibit "A"s attached hereto, is subject to present and future legislation, orders, rules, regulations or decisions of a duly constituted governmental authority having jurisdiction over this Agreement or the services to be provided hereunder. If at some future date there is a change in any law, rule or regulation which renders the continued performance of this Agreement impracticable or uneconomical or prevents or prohibits BlueMark from carrying out the terms of the Agreement, then, at its sole discretion, BlueMark shall have the right to cancel this Agreement on 15 days' notice to Customer.

19.     **Confidentiality.** Customer agrees that for so long as this Agreement remains in effect and for a period of 2 years following termination of this Agreement, this Agreement and all pricing provided under this Agreement is commercially sensitive and shall not, unless required by law or required to effectuate transportation of gas to be delivered under this Agreement, be disclosed to any third party, or any Customer employee without a need to know, without the prior written consent of BlueMark.

20.     **Audit.** Either party shall have the right at reasonable times during the other party's normal business hours and upon reasonable notice to examine the records of such other party to the extent necessary to verify the accuracy of any invoice, charge or computation made under or pursuant to any provision of this Agreement. Both parties agree to cooperate to negotiate any dispute with transporter(s) on errors in measurement or reporting. Either party may request and will receive payment for any verifiable invoice adjustment during the term of this Agreement and two years from the invoice in question. Notwithstanding the foregoing, adjustments made with respect to taxes incurred under this Agreement, including but not limited to sales and use tax, shall be made in accordance with the adjustment periods and time limitations provided in the applicable law, statute or regulation.

21.     **Agreement and Confirmation.** Gas transactions hereunder may be effectuated in an e-mail or a telephone conversation with the offer and acceptance constituting the agreement of the parties. The parties shall be legally bound from the time they so agree to the transaction terms and may each rely thereon. Any such transaction shall be considered a "writing" and to have been "signed". Notwithstanding the foregoing sentence, the parties agree that BlueMark shall send a confirmation communicating the terms of the transaction to Customer; provided that the failure to send a confirmation shall not invalidate the transaction. Customer will reconfirm its acceptance of the transaction by signing and returning the confirmation by facsimile or other electronic transmission by the close of the second business day following Customer's receipt of BlueMark's confirmation. Absent an obvious error, the terms of BlueMark's confirmation will be deemed conclusive and will bind BlueMark and Customer if not signed by Customer and returned to BlueMark or disputed in writing by the close of the second business day following Customer's receipt.

22.     **Miscellaneous.** The non-exercise of any right or rights provided by this Agreement shall not be a waiver of such right or rights as to the future. Any cancellation of this Agreement, pursuant to the provisions of this Agreement, shall be without prejudice to the right of the party not in default to collect any amounts due it and without waiver of any other remedy to which the party not in default may be entitled for violation of this Agreement. This Agreement and any and all Exhibit "A"s attached hereto may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" or other similar format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or emailed signature page were an original thereof.

23.     **Disclaimer.** The parties hereby agree and understand that any reference to NYMEX or over the counter price indicators, or any utilization of these exchanges by BlueMark is specifically in connection with BlueMark's cash market operations. Neither BlueMark nor any of its employees or affiliates is acting as a broker, dealer or commodity trading advisor as referenced by the Commodity Exchange Act. BlueMark is not offering to Customer or advising Customer concerning the use of any registered futures contract or standardized instrument for future delivery on any exchange. BlueMark may provide to Customer industry information from various sources which may include evaluation and commentary on market prices, industry fundamentals and other conditions affecting the energy markets. BlueMark provides any such material for informational purposes only and not as a recommendation of a transaction, course of dealing or strategy with respect to such markets. BlueMark in no way warrants or represents the validity or accuracy of such information and in no way acts as a commodity trading advisor, broker or dealer by providing this information. Customer hereby acknowledges that all decisions related to energy transactions are authorized and executed based upon Customer's full knowledge and independent action.

**BlueMark Energy, LLC**

Name: Michael R. Westbrock
Title: President
Date: 3/23/20

**City of Alma**

Name: Michael Slobodnik
Title: City Superintendent
Date: 3-19-2020

Exhibit A



**Exhibit "A" Confirmation to**
**Natural Gas Sales Agreement dated March 9, 2020**

**Confirmation Date: March 9, 2020**

BlueMark Energy, LLC
1325 East 15th Street, Suite 205
Tulsa, OK 74120
Attn: Sarah Jacobson
Phone: (785) 477-7755
Email: sjacobson@bluemarkenergy.com

Customer Name: City of Alma
Address: Balderson Rd.
Alma, KS 66401
Attn: Michael Slobodnik
Phone: 785-765-3502
Email: almaewg@cityofalma-kansas.com
Invoice ssmith@cityofalma-kansas.com

**Contract Price:** The Contract Price per MMBtu for the Monthly Volumes set forth below shall be defined as the first of the month price for Southern Star Central Gas Pipeline Inc. (Texas, Oklahoma, Kansas) as published in *Inside Ferc's Gas Market Report* plus the Adder of $0.145/MMBtu plus applicable fuel.

**Swing Adder: $0.145**

**Term:** The initial term shall begin on **April 1, 2020** and shall end on **March 31, 2021** (the "Initial Term"). Upon completion of the Initial Term, this Exhibit "A" will automatically renew on a year-to-year basis at the Contract Price, unless BlueMark sends Customer written notice of proposed changes to such terms in advance of the renewal date (the "Renewal Term"). Any such written notice will be sent at least 30 days and no more than 60 days prior to the Renewal Term, apprising Customer of any proposed changes in the terms and conditions of this Exhibit "A" and of the Customer's right to renew, terminate or renegotiate this Exhibit "A". After the expiration of the Initial Term of this Exhibit "A", while receiving service on a year-to-year basis, Customer may cancel or terminate this Exhibit "A" without penalty so long as BlueMark is provided with 30 days' advance written notice of termination prior to the end of the Initial Term or any Renewal Term thereafter.

**Delivery Point: Citygate**

**Facility Location: Balderson Rd., Alma, KS 66401**
**Monthly Volumes (in MMBtus):**

| | Meter Info |
|---|---|
| Pipeline Acct No: | 510000219 1563020 |
| Meter Physical Address: | Balderson Rd. Alma, KS 66401 |
| Meter Number: | 0400300201 |
| **Month** | **Usage** |
| Jan | 13,076 |
| Feb | 11,042 |
| Mar | 8,270 |
| Apr | 4,491 |
| May | 2,139 |
| Jun | 1,997 |
| Jul | 2,031 |
| Aug | 2,131 |
| Sep | 2,807 |
| Oct | 4,868 |
| Nov | 8,199 |
| Dec | 10,633 |
| **Total** | **71,684** |

**Total Annual Contracted Volume: 71,684**
(BlueMark and Customer may mutually agree to a prospective change in any of the above Monthly Quantities and a corresponding change in the terms set forth in this Exhibit "A", including but not limited to Contract price, within six (6) business days prior to the beginning of the month in which such change will take effect. Any such change shall be effectuated in accordance with Paragraph 21 of the General Terms and Conditions. Any change of fixed price or basis Monthly Volumes will require settlement of all liquidation costs resulting from such change.)

Exhibit A

**Special Provisions:** The parties acknowledge and agree with respect to the fourth and fifth sentences of Paragraph 6 of the General Terms and Conditions, Cost shall be defined as the Gas Daily daily Midpoint (average) price for Oklahoma (Southern Star) as published in *Platts Gas Daily* for the applicable month plus all applicable transport and fuel.

Paragraph 16 shall be deleted in its entirety and replaced with the following: "16. Choice of Law. Venue for any lawsuit brought to enforce any term or condition of this Agreement or to construe the terms hereof shall lie exclusively in Kansas, whether in federal or state court. This Agreement shall be construed under and shall be governed by the laws of the State of Kansas without regard to the application of its conflicts of law principles."

The last sentence of Paragraph 18 shall be deleted and replaced by the following: "If at some future date there is a change in any law, rule or regulation which renders the continued performance of this Agreement impracticable or uneconomical or prevents or prohibits BlueMark from carrying out the terms of the Agreement, then, at its reasonable discretion, BlueMark shall have the right to cancel this Agreement on 15 days' notice to Customer."

This Exhibit "A" is subject to the General Terms and Conditions to and is hereby made a part of the Natural Gas Sales Agreement between BlueMark and Customer. All capitalized terms used herein, but not defined, will have the meanings set forth in the Agreement. Please sign and return a copy of this Exhibit "A" to BlueMark within two (2) business days of receipt by mail, email or facsimile. THE TERMS OF THIS EXHIBIT "A" ARE BINDING UNLESS DISPUTED IN WRITING WITHIN TWO (2) BUSINESS DAYS OF RECEIPT.

**BlueMark Energy, LLC**

Name: Michael R. Westbrook
Title: President
Date: 3/23/20

**City of Alma**

Name: Michael Stitchmit
Title: City Superintendent
Date: 3-19-2020

Exhibit A