**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BLUEMARK ENERGY, LLC.,**

    **Plaintiff,**

**v.**                                                     Case No. 21-CV-04088-DDC-ADM

**CITY OF ALMA, KANSAS,**

    **Defendant.**

---

## SECOND AMENDED COMPLAINT

---

COMES NOW, the Plaintiff, BlueMark Energy, LLC, ("Plaintiff") and for its claim of relief against the Defendant City of Alma, Kansas ("Defendant"), alleges and states as follows:

### NATURE OF THE CASE

1. This action arises from a Natural Gas Sales Agreement entered into between Plaintiff and Defendant on March 9, 2020 ("Agreement") attached hereto as Exhibit A.

2. Plaintiff seeks a determination of rights, duties and relations of the parties under the above Agreement, and that Defendant is in breach of the Agreement.

### PARTIES AND SERVICE

3. Plaintiff is an Oklahoma limited liability company which has its' principal office and place of business in Oklahoma.

4. There are three (3) individuals who are Class A members of Plaintiff, BlueMark Energy, LLC. All of the individuals are residents and citizens of the State of Oklahoma. See attached Exhibit B.

5. There are four (4) Class B members of Plaintiff, BlueMark Energy, LLC: a) Amy Rene Westbrock Revocable Trust, b) Donna C. Witt Revocable Trust, c) Pinnacle Investments 1994, LLC, and d) Dunbar Family Partnership which are all listed in red on attached Exhibit B.

6. The members of Pinnacle Investment 1994, LLC consist of: a) two (2) limited liability companies (Pinnacle Investments 1995, LLC and Pinnacle Investments LLC), and b) fifteen (15) traditional trusts, as listed on Exhibit B.

7. There are two members of Pinnacle Investment 1994, LLC that are limited liability companies: a) Pinnacle Investments 1995, LLC, and b) Pinnacle Investments, LLC. The sole member of Pinnacle Investments 1995, LLC is James Bertlesmeyer who is an Oklahoma resident and citizen. The sole member of Pinnacle Investments, LLC is also James Bertlesmeyer. See Exhibit B.

8. There are fifteen (15) members of Pinnacle Investment 1994, LLC that are traditional trusts. The trustees of all these trusts are residents and citizens of the State of Oklahoma. See Exhibit B.

9. One Class B member of Plaintiff, BlueMark Energy, LLC, is the Dunbar Family Partnership. All partners of this partnership are individuals who are residents and citizens of Oklahoma, except one partner who is a resident and citizen of Colorado. See Exhibit B.

10. Two (2) Class B members of Plaintiff, BlueMark Energy, LLC are traditional trusts: a) Any Rene Westbrock Revocable Trust, and b) Donna C. Witt Revocable Trust. The trustees of both of these trusts are residents and citizens of the State of Oklahoma.

11. Defendant is a municipal corporation chartered as a City of the third class under Kansas law located in Wabaunsee County, Kansas. Defendant has waived service of process.

**JURISDICTION AND VENUE**

12. Plaintiff is a limited liability company organized under the laws of the state of Oklahoma and has its principal place of business in the state of Oklahoma. Defendant is a municipal corporation chartered under the laws of the state of Kansas and has its principal place of business and is located in the state of Kansas. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Consequently, jurisdiction is appropriate under that title and section.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the Defendant resides in this judicial district, the events or omissions giving rise to the claims specified herein occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

14. Plaintiff requests Topeka, Kansas be designated as place for trial.

**FACTS**

15. Under the Agreement Plaintiff agreed to sell and deliver and Defendant agreed to purchase and accept a defined quantity of natural gas for a set price per million British Thermal units ("MMBtu"). The term of the Agreement is from April 1, 2020 through March 31, 2021.

16. The Agreement denominated a set volume of natural gas to be delivered, allocated by months "Monthly Volume" then divided by number of days in each month to result in an identified daily volume ("Daily Volume") for each month.

17. The contract price per MMBtu for the Monthly Volume was defined as the first of month price for Southern Star Gas Pipeline, Inc. (Texas, Oklahoma, Kansas) ("Southern Star") as published in Inside Ferc's Gas Market Report plus an Adder of $0.145/MMBtu.

18. Notwithstanding the contract price, during the term of any period in which natural

gas delivered to Defendant is restricted by an operational flow order ("OFO"), declared by any transporter, Plaintiff is required to use commercially reasonable efforts to secure additional volumes to meet the shortages up to the Daily Volume and bill such additional Volumes at Cost (the amount it paid for the additional volumes) plus the Swing Adder.  See paragraph 6, Agreement, Exhibit A.

19. During a five-day period from February 13-19, 2021 this geographic region and the mid-continent region of the United States experienced unprecedented cold temperatures caused by a polar vortex weather snap.  This extreme cold weather caused gas pipelines and pumping stations to freeze.  This resulted in cuts in the natural gas delivered to pipelines as well as Kansas Gas Service ("KGS"), the transporter supplying Defendant's gas.  KGS issued an "Emergency Natural Gas Curtailment" notice and declared an OFO and Southern Star also declared an OFO during this period.

20. During this period, Plaintiff's supplier of natural gas, invoked Force Majeure due to failure of gas supply caused by extreme cold weather in the geographical region.

21. As a result, during this period of four days, spot prices for natural gas in the market increased approximately 100 times over expected, normal prices during the winter season and on the 5th day the increase spiked to nearly 200 times the normal price.

22. During this period, Plaintiff and KGS provided multiple written and oral notices of the circumstances confronting Plaintiff and its supplier to Defendant, and urged Defendant to curtail its natural gas usage.

23. The summary attached as Exhibit C shows the Daily Volumes for February 2021 contemplated by the Agreement, Defendant's actual usage, and the prices charged by Plaintiff for Daily Volumes consistent with the Agreement.

24. Specifically, the attached summary shows that the Daily Volume for February contemplated by the Agreement was 394.36 MMBtus.  For all but five days in February, Plaintiff

4

charged Defendant $2.665 per MMBtu for all of the Daily Volumes delivered to and used by Defendant.

25.     As noted above, for five days in February Plaintiff's supplies were limited below the Daily Volume by supplier force majeures which led to natural gas supply cuts and the Southern Star and Kansas Gas Service operational flow orders. On those days, Plaintiff was required to obtain supplies from open market sources to meet the Daily Volume and Defendant's demands. The cost of the replacement supplies for Defendant was $173,957.32. Again, Plaintiff's actions were consistent with the Agreement which provides that during the period of an operational flow order, Plaintiff is to use commercially reasonable efforts to obtain additional volumes requested to meet Defendant's demands. Those additional volumes are to be billed by Plaintiff at cost plus the Swing Adder. Those costs are properly included in the February invoices.

26.     An invoice for natural gas delivered and accepted at Defendant's offices in Alma, Kansas was sent to Defendant on March 4, 2021. (Copy attached as Exhibit D). Amount invoiced was $638,190.63. The final date for payment was March 14, 2021. Plaintiff has received payment of $465,750.18 on March 31, 2021. The remaining balance of $172,440.45 has not been paid and is now past due. Consequently, the unpaid balance is subject to a late payment penalty and an interest penalty under the Kansas Prompt Payment Act, K.S.A. 75-6401 *et seq.*

## BREACH OF CONTRACT

27.     The allegations of Paragraphs 1 through 26 are incorporated by reference.

28.     Defendant breached the Agreement, and failed to pay for delivery of natural gas.

29.     As a result of the breach, Plaintiff has been damaged in the amount of $172,440.45.

30.     Plaintiff is entitled to judgment in that amount as a result of the breach.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray for judgment against Defendant as follows:

    a.    damages for breach of contract in the amount of $172,440.45;

    b.    late payment charge as provided in the Agreement of 1.5% per month;

    c.    for such other and further relief as may be deemed necessary, proper, just and equitable.

Respectfully submitted,

MORRIS, LAING, EVANS, BROCK
   & KENNEDY, CHARTERED

*/s/ Roger N. Walter*
Roger N. Walter, #08620
rwalter@morrislaing.com
Jeffery L. Carmichael, #11085
jcarmichael@morrislaing.com
C. Michael Lennen, #08505
mlennen@morrislaing.com
800 SW Jackson St., Suite 1310
Topeka, KS 66612-1216
Phone:  (785) 232-2662
Facsimile:  (785) 232-9983
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 23rd day of December, 2021, a true and correct copy of the above and foregoing was filed with the Clerk of the U.S. District Court via the Court's ECF filing system which automatically transmits an Electronic Notice to all parties of record.

*/s/ Roger N. Walter*
Roger N. Walter, #08620