**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In Re: ) | |
| BlueMark Energy, LLC ) | |
|     Plaintiff ) | |
| ) | Case No. 21-CV-04088-DDC-ADM |
| v. ) | |
| ) | |
| City of Alma, Kansas ) | |
|     Defendant ) | |

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW the Defendant, the City of Alma, Kansas, by and through counsel, Stumbo Hanson, LLP, and for its answer to Plaintiff's Second Amended Complaint ("Complaint"), states and alleges as follows:

1. Any allegation not specifically admitted is denied.

2. The Defendant admits the allegations contained in paragraph 1 of the Complaint.

3. As to paragraph 2 of the Complaint, Defendant admits that Plaintiff is seeking a determination of rights, but denies that Defendant is in breach of the Agreement.

4. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore denies the same.

5. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies the same.

6. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies the same.

7. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies the same.

8. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore denies the same.

9. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies the same.

10. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies the same.

11. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies the same.

12. The Defendant admits the allegations contained in paragraph 11 of the Complaint.

13. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in the first sentence of paragraph 12 of the Complaint, and therefore denies the same. The Defendant admits the allegations contained in the second sentence of paragraph 12 of the Complaint. As to the third sentence of paragraph 12 of the Complaint, the Defendant admits that the amount in controversy exceeds the sum specified in 28 U.S.C.A. 1332. As to the allegations set forth in the fourth and final sentence of paragraph 12 of the Complaint, the Defendant is without sufficient information or knowledge to form an opinion as to the truth of such allegations, and therefore denies the same.

14. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies the same.

15. The statement made in paragraph 14 of the Complaint is not a statement of fact and therefore requires no admission or denial.

16. The Defendant denies the allegations contained in paragraph 15 of the Complaint. Under the terms of the Agreement, the Plaintiff was to sell and the Defendant was to purchase, a defined quantity of Monthly Volume and Daily Volume, as defined in the Agreement, for an index price per MMBtu. Defendant had the option to purchase "additional volumes" (i.e., volumes above the Monthly

Volume and Daily Volume) at "Cost" plus a "Swing Adder", as those terms are defined in the Agreement. The Initial Term of the Agreement was from April 1, 2020 until March 31, 2021, but the term of the Agreement continued past that date under the Renewal Term provisions of the Agreement.

17. The Defendant admits the allegations contained in paragraphs 16 and 17 of the Complaint.

18. The Defendant denies the allegations contained in paragraph 18 of the Complaint. During all times relevant to this action, the Plaintiff was only allowed to charge its "Cost" for "additional volumes" – that is, for volumes that were in excess of the Monthly Volume or Daily Volume. The Plaintiff was not allowed under the terms of the Agreement to charge its "Cost" for the Monthly Volume or Daily Volume. Under the terms of the Agreement, the Plaintiff only had the right to charge an index price plus an "Adder" plus "applicable fuel" for the Monthly Volume and Daily Volume.

19. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraphs 19, 20 and 21 of the Complaint, and therefore denies the same.

20. As to paragraph 22 of the Complaint, Defendant admits that during the time period of February 13-19, Plaintiff and KGS provided Defendant with information about the effects of cold weather on their respective businesses. Defendant also admits that during that period, Plaintiff urged Defendant to curtail its natural gas usage.

21. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations set forth in paragraphs 23 and 24 of the Complaint, and therefore denies the same.

22. As to the allegations set forth in the first three sentences of paragraph 25 of the Complaint, the Defendant is without sufficient information or knowledge to form an opinion as to the truth of the same, and therefore denies the same. The Defendant denies the allegations contained in

the last three sentences of paragraph 25 of the Complaint.  As to the last three sentences of paragraph 25, during all times relevant to this action, the Plaintiff was only allowed to charge its "Cost" for "additional volumes" – that is, for volumes that were in excess of the Monthly Volume or Daily Volume.  The Plaintiff was not allowed under the terms of the Agreement to charge its "Cost" for the Monthly Volume or Daily Volume.  Under the terms of the Agreement, the Plaintiff only had the right to charge an index price plus an "Adder" plus "applicable fuel" for the Monthly Volume and Daily Volume.

23. As to the first three sentences and the parenthetical of paragraph 26 of the Complaint, the Defendant admits that it received the Plaintiff's invoice in the amount of $638,190.63 and that it paid the Plaintiff $465,750.18. The Defendant is without sufficient information or knowledge to form an opinion as to the truth of the allegations of the remaining statements set forth in the first three sentences and the parenthetical of paragraph 26 of the Complaint, and therefore denies the same.  The Defendant denies the allegations contained in the fourth and fifth sentences of paragraph 26 of the Complaint.

24. The statement made in paragraph 27 of the Complaint is not a statement of fact and therefore requires no admission or denial.

25. The Defendant denies the allegations contained in paragraphs 28, 29 and 30 of the Complaint.

WHEREFORE, the Defendant respectfully prays that the Court deny the relief requested in the Complaint, for its costs herein and for such other and further relief as the Court deems fair, just and reasonable.

## **AFFIRMATIVE DEFENSES**

26. The Defendant asserts all affirmative defenses that may become available through discovery in this matter, including, but not limited to, waiver, latches, estoppel, accord and satisfaction and any other such affirmative defenses that are not now known to the Defendant.

27.     The Defendant reserves the right to assert claims and causes of action against Plaintiff, as a counterclaim, based on facts discovered during discovery and through investigation of the facts of this case.

WHEREFORE, the Defendant submits the above affirmative defenses.

Respectfully submitted:
**STUMBO HANSON, LLP**

By:  */s/ Tom R. Barnes II*
**TOM R. BARNES II,** No.13437
**QUENTIN E. KURTZ**, No.11536
2887 SW MacVicar Ave.
Topeka, KS  66611
(785) 267-3410; Fax (785) 267-9516
tom@stumbolaw.com
quentin@stumbolaw.com
Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2021, a true and correct copy of the foregoing Answer to Second Amended Complaint was sent by electronic mail to the Plaintiff's Counsel through the Court's CMECF noticing system.

 */s/ Tom R. Barnes II*
TOM R. BARNES II